### WILLIAM W. PARTRIDGE *vs.* PLINY HANNUM.

In a suit prosecuted by an assignee of an insolvent debtor, under *St.* 1838, *c.* 163, for any debt, right, &c. due or belonging to such debtor, the assignment is conclusive evidence of the plaintiff's authority to sue, although the prior proceedings may have been defective and erroneous.

THIS was a bill in equity brought by the assignee of Stiles Hannum, an insolvent debtor. It was alleged in the bill, that the plaintiff, in April 1839, was chosen assignee of the property of said Stiles, under the provisions of *St.* 1838, *c.* 163, and accepted the appointment ; that said Stiles's property was assigned to him by a master in chancery ; that the defendant had possession of much of said property, real and personal, without any just or legal title thereto, and had refused to deliver the same to the plaintiff; and that the plaintiff had commenced an action against him to recover the value of the personal property so detained by him, and was about to commence an action against

48 *

him to recover the said real estate. After setting forth and denying the grounds on which the defendant pretends to be the legal owner of said property, real and personal, the bill concluded with a prayer, that the defendant might be compelled to make discovery, on oath, as to all the matters therein charged against him.

The defendant filed a motion, that the bill might be dismissed, " because the said assignment to the plaintiff was issued improvidently, and without any previous legal proceedings against the said Stiles Hannum, under the statute, to authorize said assignment."

It appeared from a statement of facts, submitted to the court by the parties, that Higginson & Clapp of New York, creditors of said Stiles Hannum, presented a petition to a master in chancery, on the 5th of April 1839, praying for proceedings against said Stiles, under *St.* 1838, *c.* 163. This petition alleged, as the ground of the prayer thereof, that the goods and estate of the said Stiles were, on the 10th of November 1838, attached on mesne process, for the sum of $100 and upwards, in a civil action in which L. P. & C. Rowland, administrators, &c. were plaintiffs, and the said Stiles was defendant ; which said writ was returnable to the court of common pleas begun and held at Northampton, &c. on the 4th Monday of March 1839 ; and though the return day of said writ, and the last day of the term of the court to which the same was returnable, as aforesaid, were past, yet the said Stiles did not dissolve the said attachment, but the same was still in force. On this petition, the master issued a warrant to a messenger, in due form, except that it was without a seal, and the plaintiff was afterwards chosen assignee.

The only objections, made by the defendant to the proceedings, were, that the warrant was without seal, although the statute directs that it shall be under seal ; and that the petition to the master did not set forth an attachment of said Stiles's property in an action founded upon contract, or (in the words of the statute) " upon a demand which in its nature is proveable against the estate of an insolvent debtor." It was agreed by the parties, that if these objections were valid, and if the defendant could avail himself of them, the bill should be dismissed.

*Doolittle & R. A. Chapman,* for the defendant.

*Forbes,* for the plaintiff.

DEWEY, J.   The defendant moves the court to dismiss this bill, upon the ground that the plaintiff was not regularly constituted and appointed assignee.   The objections taken to the proceedings before the master in chancery are, that the master had no jurisdiction of the matter before him, for want of the proper and necessary allegations in the petition of the creditor applying for these proceedings, to bring the case within the provisions of *St.* 1838, *c.* 163, § 19 ; it not being alleged, that the action, upon which the estate of the insolvent debtor had been attached, was founded upon contract, or on a demand which was in its nature proveable against the estate of an insolvent debtor.   A further objection is made, that the warrant issued by the master in chancery was not under seal.

The assignee insists, that these objections are not open to the defendant in this action, and that the *St.* of 1838, *c.* 163, § 5, has made the assignment to him from the master conclusive evidence of his authority as assignee, in all suits prosecuted by him for any demand due, or any interest belonging to the insolvent debtor.   The statute cited is in these words : " In all suits prosecuted by the assignees for any debt, demand, right, title or interest, due or belonging to the insolvent debtor, the assignment made to them by the judge shall be conclusive evidence of their authority to sue as such assignees."   This language seems quite broad enough to embrace the present case.   The intention of the legislature doubtless was, to furnish the greatest facilities, that could be allowed consistently with the legal rights of other parties, to prevent all unnecessary delay and protracted litigation in the adjustment of the estate of insolvent debtors ; and to effect this object, this clause was introduced, providing this very summary way of establishing the legal authority of the assignee to institute the suit, whenever such a question might be raised on any suit brought by him to enforce claims in favor of the insolvent.

If it be objected, that by giving such construction to the statute, the debts and demands of the insolvent may be enforced by

one who has really no legal authority to act in the matter, the master in chancery having, without authority, improvidently issued his warrant and executed an assignment to him ; it may be answered, that so far as the defendant, in any such suit, is concerned, the assignment being made by statute the evidence of authority to institute suits, a recovery by such assignee, or payment to him, must necessarily be a legal protection for the debtor against a subsequent claim for the same demand by another person as assignee.

As to other parties in interest, and particularly as to the protection of the insolvent debtor from the acts of persons claiming to be assignees, but without any proper and legal appointment as such, the 18th section of the statute confers on the court jurisdiction and full power of superintendence, as a court of chancery, of all cases arising under the statute, and full authority to act upon the petition of any party aggrieved by any proceedings under the same.  In a proper case with proper parties, this court would have full power to arrest the proceedings, if there were an illegal and unauthorized appointment of one as assignee, and to order an injunction as to any suits at law, or other proceedings by such assignee.

The present motion to dismiss this bill must be denied.